## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**RONALD SATISH EMRIT**                                      **CIVIL ACTION**

**VERSUS**                                                              **NO. 25-297-JWD-RLB**

**WORLD INTELLECTUAL PROPERTY
ORGANIZATION, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 8, 2025.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RONALD SATISH EMRIT**                                        **CIVIL ACTION**

**VERSUS**                                                                **NO. 25-297-JWD-RLB**

**WORLD INTELLECTUAL PROPERTY
ORGANIZATION, ET AL**.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Ronald Satish Emrit's ("Plaintiff")[1] Complaint. (R. Doc. 1). This Court has granted Plaintiff's Application to Proceed in District Court Without Preparing Fees or Costs and has withheld service. (R. Doc. 4). As Plaintiff is now proceeding *in forma pauperis* ("IFP"), a 28 U.S.C. § 1915(e) review has been performed to determine whether the Complaint should be dismissed as frivolous or for failing to state a claim on which relief may be granted.

**I.     Nature of the Plaintiff's Allegations**

Plaintiff seeks $500 billion dollars in damages from the World Intellectual Property Organization ("WIPO"), the International Monetary Fund ("IMF"), the World Bank, the European Union, and the European Economic Community, (the "Defendants") for tortious interference with contracts and business relations.[2]

Plaintiff's current claims involve his allegation that he "is trying to obtain a design patent or utility patent for three ideas in particular related to quantum mechanics, astrophysics, general relativity, and special relativity[.]" (R. Doc. 1 at 6). Plaintiff is requesting that WIPO award him patents "without having to go through the 'red tape' of obtaining a patent or intellectual property

---

[1] Plaintiff also sometimes refers to himself as Presidential Candidate No. P60005535. (R. Doc. 1).
[2] Seemingly attempting to advertise his music, Plaintiff links websites where his music is available and notes he filed a lawsuit in 2013, alleging he received no royalty checks from the American Society of Composers, Authors, and Publishers since 2005 for certain music he created. This allegation is irrelevant to Plaintiff's current claims.

2

law attorney to fill out the paperwork[.]" (R. Doc. 1 at 9). Plaintiff notes the elements of tortious interference with contracts and tortious interference with business relations, but fails to describe how these elements were met as Plaintiff fails to allege any specific actions of Defendants. Plaintiff also fails to make any argument as to why venue is appropriate in this district, and explains he is a resident of the states of Florida and Maryland.

## II.   Law and Analysis

District courts must construe IFP complaints filed by *pro se* plaintiffs liberally. Yet, such complaints can be dismissed, regardless of service, if the court determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

An IFP complaint is properly dismissed as frivolous if the plaintiff's claims lack an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  To decide whether a complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Fed. R. Civ. P. 12(b)(6). *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003). When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Nonetheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Upon review, the Complaint lacks any basis upon which this Court can establish it has jurisdiction or could be considered a proper venue for this action. Plaintiff claims to be a resident of Florida and Maryland. None of the Defendants reside in Louisiana, and it is not apparent anything related to this case happened in Louisiana. Further, Plaintiff fails to state any federal claim whatsoever[3] to invoke this court's federal question jurisdiction. As for diversity jurisdiction, Plaintiff fails to establish diversity of citizenship as he has failed to allege the citizenship of IMF. As this Court lacks jurisdiction, its only choice is to dismiss the case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quotations and citation omitted) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

Even if Plaintiff had established proper jurisdiction and venue, Plaintiff fails to allege any facts in support of any state law claim because he fails to explain how Defendants interfered with any contracts or business relationships. Plaintiff lists the elements of tortious interference with contracts and tortious interference with business relations, but provides no facts to support that these elements were met. This is insufficient, and Plaintiff's case may be dismissed, because "a formulaic recitation of the elements of a cause of action" alone is not enough to withstand a 12(b)(6) motion, the same standard that applies under 28 U.S.C. § 1915(e)(2)(B)(ii). *Iqbal*, 556 U.S. at 678.

---

[3] Plaintiff alleges that "this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause." This is a patently false statement about the contents of Plaintiff's Complaint. (R. Doc. 1 at 6).

It is also clear that Plaintiff has filed similar cases throughout the country, many of which have been summarily dismissed as well. *See Emrit v. USPTO*, 25-cv-00720, ECF No. 3 (E.D. La. Apr. 17, 2025) (dismissing similar complaint seeking $500 billion in damages and discussing in detail the lack of any merit or plausibility to his allegations); *Emrit v. International Court of Justice in Hague, et al.,* Civ. A. 25-724, 2025 WL 1158928, * 3 n.28 (E.D. La. April 21, 2025) (same); *see also Presidential Candidate No. P60005535 v. United States Pat. & Trademark Off.,* No. 1:25-CV-170-HAB, 2025 WL 1255799, at *2 (N.D. Ind. Apr. 29, 2025) (citations omitted) ("When viewing the facts alleged in the light most favorably to Emrit, it appears he seeks to 'avoid the red tape' of United States patent law and asks this Court to grant him a patent and require the government and other agencies to adopt his ideas regarding quantum mechanics, astrophysics, general relativity, and special relativity. But even assuming such extraordinary relief was possible, his theories lack facial plausibility and the factual basis of his claims are frivolous."); *see also Emrit v. United States Pat. & Trademark Off.,* No. 25-CV-11088, 2025 WL 1184239, at *2 (E.D. Mich. Apr. 23, 2025) ("To the extent that the Complaint is coherent at all, when viewed liberally and in the light most favorable to Plaintiff, it appears that he seeks to 'avoid the red tape' of United States patent law, and have this court grant him a patent and require the government and various agencies to adopt his ideas regarding quantum mechanics, astrophysics, general relativity, and special relativity. But even assuming for a moment that the court could enter any part of such an extraordinary order, his 'theories' lack any facial plausibility and the factual basis of his claims is frivolous."); *see also Emrit v. United States & Trademark Off. (USPTO),* No. 2:25-CV-00141-LEW, 2025 WL 1129203, at *1 (D. Me. Apr. 17, 2025) ("Plaintiff's complaint consists of unsupported and somewhat confusing allegations

5

regarding his efforts to secure a patent for his ideas related to quantum mechanics, special relativity, general relativity, and astrophysics.").

Before dismissing Plaintiff's claims, however, the Court considers whether to afford Plaintiff an opportunity to amend. Courts must "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). In exercising their discretion, courts consider factors such as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Nolan v. M/V Sante Fe*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)). Plaintiff's bad faith in repeatedly filing hundreds[4] of frivolous lawsuits—some of which relate to facts similar to those alleged in this case—supports declining leave to amend.

### III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's entire case be **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on May 8, 2025.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Plaintiff has been deemed "a well documented serial filer" who has filed over three hundred cases since 2013. *See Emrit v. International Court of Justice in Hague, et al.*, Civ. A. 25-724, 2025 WL 1158928, * 3 n.28 (E.D. La. April 21, 2025).